IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01417-STV

ROBERT H. QUINN,

    Plaintiff,

v.

CCS HOLDING BUSINESS TRUST,
STEVEN SANDS,
DAVID SANDS, and
DONNA RAMSDELL,

    Defendants.

---

## ORDER
---

Entered By Magistrate Judge Scott T. Varholak

    This civil action is before the Court on the Motion to Dismiss [#7] ("the Motion"), filed by Defendants CCS Holding Business Trust, Steven Sands, David Sands, and Donna Ramsdell (collectively "Defendants"). The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [##15, 16] This Court has carefully considered the Motion and related briefing, the entire case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **GRANTED IN PART and DENIED IN PART.**

**I.   BACKGROUND**[1]

According to the Complaint, Plaintiff has acquired a trademark in the name Robert H. Quinn III, including all variations of the spelling, placement of the appellations, and initialized versions. [#2 at ¶ 9]  In November 2017, Plaintiff received a debt collection notice from Defendants. [*Id.* at ¶ 11]  In the notice, Defendants asserted that Plaintiff had accrued a debt with Progressive Insurance Company, and the debt had been assigned to Defendants. [*Id.*]  Within seven days of receiving the notice, Plaintiff contested the validity of the debt and mailed Defendants a letter requesting proof of the validity of the debt and a copy of the assignment. [*Id.*]  Defendants did not respond to the initial request for debt validation, nor any subsequent request for validation by Plaintiff. [*Id.* at ¶ 12]

In April 2018, Plaintiff became "aware that Defendant(s) continue[d] to use Plaintiff's identity and trade[]mark to collect on the unvalidated debt by conveying use of the trade[]mark to a third party credit reporting agency." [*Id.* at ¶ 12]  On or about April 24, 2018, Plaintiff mailed Defendants another inquiry into the nature of the delinquent debt. [*Id.* at ¶ 13]  Plaintiff informed Defendants that unauthorized use of his trademarked name was prohibited. [*Id.*]

Plaintiff also mailed Defendants a "Pronouncement of Rights" and a "Purchase and Sales Agreement." [*Id.*]  The Purchase and Sales Agreement states "should Defendants continue to use Plaintiff's products, any such use shall constitute Defendants' assent to be bound by the terms and conditions of use." [*Id.* at ¶ 15]  Defendants did not respond

---

[1] The facts are drawn from the allegations in Plaintiff's Complaint, which must be taken as true when considering a motion to dismiss. *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).

and did not contest either the Pronouncement of Rights or the Purchase and Sales Agreement. [*Id.* at ¶ 14]

In September 2018, Plaintiff mailed Defendants a "Notice to Cease and Desist." [*Id.* at ¶ 16] This letter extended an opportunity for Defendants to validate the debt that Defendants claim is delinquent. [*Id.* at ¶ 17] Defendants neither validated the debt nor provided proof that they were authorized to use Plaintiff's trademarked name. [*Id.*]

Plaintiff subsequently mailed Defendants a "notice" and an "invoice" for $7,650,000 for the benefit and use of Plaintiff's trademarked name. [*Id.* at ¶ 19] Defendants continued to use Plaintiff's name but did not pay the invoice. [*Id.*] As a result, on January 21, 2019, Plaintiff mailed a notice of delinquency to Defendants. [*Id.* at ¶ 22]

On May 17, 2019, Plaintiff, proceeding pro se, initiated this action against Defendants. [#2] The Complaint brings two causes of action. [*Id.*] The first claim alleges that Defendants breached the Purchase and Sales Agreement. [*Id.* at ¶¶ 23-31] The second claim alleges that Defendants committed the tort of invasion of privacy by appropriating his name or likeness.[2] [*Id.* at ¶¶ 32-33] On June 25, 2019, Defendants moved to dismiss the Complaint. [#7] Plaintiff has responded [#23], and Defendants have replied [#24].

---

[2] The second claim is simply entitled "Appropriation," and does not appear to allege a copyright or trademark infringement claim. [#2 at 12] The elements as pled in the Complaint track the Colorado tort of invasion of privacy by appropriation of another's name or likeness. [*Id.*]; *see also Joe Dickerson & Assocs., LLC v. Dittmar*, 34 P.3d 995, 997 (Colo. 2001). Moreover, Defendants assumed in their Motion that Plaintiff was asserting such a claim [#7 at 3-4], and Plaintiff did not dispute that assertion in his Response [#23 at 6-8]. Indeed, in his Response, Plaintiff maintains that he does not rely on copyright or trademark protections for his second claim. [*Id.* at 7]

3

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (alteration in original) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The court's ultimate duty is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). The Court, however, cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

III. **ANALYSIS**

The Complaint brings two causes of action: (1) breach of contract, and (2) invasion of privacy by appropriation of another's name or likeness. [#2] Defendants have moved to dismiss both claims with prejudice. [#7] The Court addresses each claim below.

**A. Breach of Contract**

Plaintiff's first cause of action is for breach of contract. [#2 at ¶¶ 23-31] Under Colorado Law,[3] a plaintiff must allege the following elements to prevail on a breach of contract claim: (1) existence of a contract; (2) performance by the plaintiff; (3) failure to perform by the defendant; and (4) damages. *Shell v. Am. Family Rights Ass'n*, 899 F. Supp. 2d 1035, 1058 (D. Colo. 2012) (citing *Western Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)). With respect to the first element, the plaintiff "must show that the contract was properly formed," with "mutual assent to an exchange between competent parties—where an offer is made and accepted—regarding a subject matter which is certain, and for which there is legal consideration." *Galvin v. McCarthy*, Civil Action No. 07-cv-00885-PAB-BNB, 2009 WL 890717, at *6 (D. Colo. Mar. 31, 2009) (citing *Indus. Prods. Int'l, Inc. v. Emo Trans, Inc.*, 962 P.2d 983, 988 (Colo. App. 1997)).

---

[3] The parties apparently agree that Colorado law applies to the breach of contract claim. [*See* #7 at 2-3; #23 at 4-6]

Here, Defendants argue that they never accepted the offer and, as a result, no contract was formed. [#7 at 2-3]

The Complaint does not allege that Defendants responded to Plaintiff's contract offer. [#2 at ¶ 14 ("By not contesting any portions of the Agreements, Defendants did knowingly, willingly with full understanding and intent of being contractually bound[,] enter into a lawful and binding agreement.")] And under Colorado law, "silence or inaction will not be deemed acceptance of an offer unless the relationship between the parties justifies such an inference." *Extreme Constr. Co. v. RCG Glenwood, LLC*, 310 P.3d 246, 254 (Colo. App. 2012); *see also Haberl v. Bigelow*, 855 P.2d 1368, 1374 (Colo. 1993) ("Typically, silence or inaction will be deemed acceptance of an offer only when the relationship between the parties is such that an offeror is justified in expecting a reply or the offeree is under a duty to respond."). Here, Plaintiff has not alleged any relationship between the parties that would lead the Court to conclude that Defendants' silence justified a conclusion that they had accepted the offer.

Plaintiff nonetheless argues that Defendants "accepted Plaintiff's offer to purchase Plaintiff's identity" when they continued to use Plaintiff's name, presumably in further collection documents. [#23 at 5] But Plaintiff has failed to identify any grounds requiring Defendants to "purchase Plaintiff's identity" in order to use Plaintiff's name in collection letters. Nor is the Court aware of any such requirement. Indeed, even accepting that Plaintiff had trademarked his name, he has not alleged any facts that could lead the Court to conclude that Defendants' use of Plaintiff's name in a debt collection letter "is likely to cause confusion, or to cause mistake or to deceive," as required for a trademark

6

infringement claim. 15 U.S.C. § 1114(1)(a). And again, Plaintiff has not asserted a trademark infringement claim here. Accordingly, Plaintiff's breach of contract claim fails.

Defendants seek dismissal with prejudice. [#7 at 4] The Court has serious doubts that Plaintiff can adequately allege a breach of contract claim. Nonetheless, because Plaintiff proceeds pro se and has not previously been given an opportunity to amend his Complaint to address deficiencies, Claim One is **DISMISSED WITHOUT PREJUDICE**. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (finding that dismissal without prejudice is preferable, particularly where deficiencies may be the result "of an untutored pro se litigant's ignorance of . . . pleading requirements").

**B. Invasion of Privacy by Appropriation of Another's Name or Likeness**

Plaintiff's second cause of action alleges the tort of invasion of privacy by appropriation of another's name or likeness. [#2 at ¶¶ 32-33] Colorado recognizes such a tort. *Joe Dickerson & Assocs., LLC v. Dittmar*, 34 P.3d 995, 997 (Colo. 2001). "The elements of this tort are: (1) the defendant used the plaintiff's name or likeness; (2) the use of the plaintiff's name or likeness was for the defendant's own purposes or benefit, commercially or otherwise; (3) the plaintiff suffered damages; and (4) the defendant caused the damages incurred." *Id.*

Defendants first argue that "Plaintiff has failed to show that his name has been issued a copyright or trademark." [#7 at 3] But the tort of invasion of privacy by appropriation of another's name or likeness does not require the issuance of a copyright or trademark. *See Joe Dickerson & Assocs.*, 34 P.3d at 997. As a result, whether or not Plaintiff had a trademark or copyright on his name is irrelevant.

7

Defendants next argue that Plaintiff has failed to adequately allege that he suffered damages. [#7 at 4] The Court agrees. The Complaint makes the conclusory allegation that Defendants' appropriation "damaged Plaintiff in the sum certain amount of $7,650,000.00," but fails to identify how Plaintiff was damaged by Defendants' use of Plaintiff's name in collection letters. [#2 at ¶ 33] As a result, the Court finds that Plaintiff has failed to plausibly plead the third or fourth element of his tort of invasion of privacy by appropriation claim. Once again, however, because Plaintiff proceeds pro se and has not previously been given an opportunity to amend his Complaint, and because the deficiencies identified in this Order may be curable by amendment, Claim Two is **DISMISSED WITHOUT PREJUDICE**. *Reynoldson*, 907 F.2d at 126.

IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [#7] is **GRANTED IN PART and DENIED IN PART.** The Motion is **GRANTED** to the extent it seeks dismissal of Plaintiff's claims, but **DENIED** to the extent it seeks dismissal with prejudice. Accordingly, the Complaint [#2] is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff desires to continue this litigation, he shall file an Amended Complaint by January 10, 2020. Failure to file an Amended Complaint by that date will result in this action being dismissed and judgment entering in favor of Defendants.

DATED: December 16, 2019                              BY THE COURT:

s/Scott T. Varholak_____
United States Magistrate Judge

8