**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01417-STV

ROBERT H. QUINN,

    Plaintiff,

v.

CCS HOLDING BUSINESS TRUST,
STEVEN SANDS,
DAVID SANDS, and
DONNA RAMSDELL,

    Defendants.

---

**ORDER**

---

Entered By Magistrate Judge Scott T. Varholak

This civil action is before the Court on the Motion to Dismiss Plaintiff's Amended Complaint [#28] ("the Motion"), filed by Defendants CCS Holding Business Trust ("CCS"), Steven Sands, David Sands, and Donna Ramsdell (collectively "Defendants"). The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [##15, 16] This Court has carefully considered the Motion and related briefing, the entire case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART.**

**I.    BACKGROUND**[1]

According to the Amended Complaint, on or about November 23, 2017, Plaintiff received a debt collection letter from Defendants (the "Demand Letter"). [#27 at ¶ 18; *see also* #27-7][2]  Plaintiff did not recognize the debt and immediately assumed that Defendants were fishing for someone to accept liability for the debt. [*Id.* at ¶ 19]  The Amended Complaint alleges that "Defendants knew, should have known and had reason to believe that the debt which they w[ere] trying to collect from Plaintiff was bogus in nature and that Plaintiff's identity is not associated with said debt." [*Id.* at ¶ 44]

To ensure the validity of the debt, Plaintiff sent Defendants a Debt Dispute and Validation Request (the "Validation Request"), pursuant to the Fair Debt Collection Practices Act. [*Id.* at ¶ 20]  In addition to the Validation Request, Plaintiff also mailed Defendants a "Pronouncement of Rights" and a "Purchase and Sales Agreement." [*Id.* at ¶ 21]  Through these documents, and in exchange for royalty payments of at least $16,850,000, Plaintiff was purporting to give Defendants a license to use his identity in Defendants' debt collection efforts.   [*Id.*; *see also* ##27-1; 27-2]  Plaintiff notified Defendants that they had thirty days to respond to the Validation Request and to cease and desist any collection activity related to the disputed debt. [#27 at ¶ 22]  Plaintiff also provided Defendants with notice that their failure to respond within thirty days would constitute acceptance of the Purchase and Sales Agreement. [#27-3 at 2]

---

[1] The facts are drawn from the allegations in Plaintiff's Amended Complaint [#27], which must be taken as true when considering a motion to dismiss. *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).

[2] The Court may consider the attachments to the Amended Complaint without converting the Motion into a motion for summary judgment. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding that court "must consider the complaint in its entirety . . . [and] documents incorporated into the complaint by reference").

Defendants received the Validation Request, Pronouncement of Rights, and Purchase and Sales Agreement. [#27 at ¶ 26] Nonetheless, Defendants did not respond within the thirty-day time period. [*Id.* at ¶ 23] Defendants likewise did not provide Plaintiff with additional information about the nature of the debt. [*Id.* at ¶ 48]

Despite not responding to Plaintiff's correspondence, Defendants continued to attempt to collect the debt through December 24, 2019. [*Id.* at ¶ 23] Additionally, at some unspecified date, Defendants reported the debt to Equifax, a credit reporting agency. [*Id.* at ¶ 44] Plaintiff maintains that through their continued use of Plaintiff's name in their collection activities, Defendants accepted the Purchase and Sales Agreement. [*Id.* at ¶ 25] Defendants have not paid Plaintiff the $16,850,000. [*Id.* at ¶¶ 33-34]

On May 17, 2019, Plaintiff, proceeding pro se, initiated this action against Defendants. [#2] Plaintiff's original Complaint brought two causes of action. [*Id.*] The first claim alleged that Defendants breached the Purchase and Sales Agreement. [*Id.* at ¶¶ 23-31] The second claim alleged that Defendants committed the tort of invasion of privacy by appropriating his name or likeness. [*Id.* at ¶¶ 32-33] On December 16, 2019, this Court dismissed the original Complaint for failure to state a claim upon which relief could be granted. [#26] The Court dismissed both counts without prejudice and provided a January 10, 2020 deadline for Plaintiff to file an Amended Complaint. [*Id.* at 8]

Pursuant to this Court's Order, on January 10, 2020, Plaintiff filed his Amended Complaint. [#27] Like the original Complaint, the Amended Complaint asserts claims for breach of the Purchase and Sales Agreement (Claim One) [*id.* at ¶¶ 28-34] and for invasion of privacy, based on Defendants' alleged appropriation of Plaintiff's name or likeness (Claim Two) [*id.* at ¶¶ 34-42]. In addition, the Amended Complaint brings a fraud

3

claim (Claim Three) [*id.* at ¶¶ 43-45] and a claim for violation of the Fair Debt Collection Practices Act ("FDCPA") (Claim Four) [*id.* at ¶¶ 46-49]. Defendants have moved to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6). [#28] Plaintiff has responded to the Motion [#32] and Defendants have filed a reply [#35]. Pursuant to this Court's order requesting supplemental briefing with respect to the FDCPA claim [#38], both parties submitted a supplemental brief [##40, 41].

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (alteration in original) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff

to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The court's ultimate duty is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). The Court, however, cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## III.  ANALYSIS

The Amended Complaint brings four causes of action: (1) breach of contract, (2) invasion of privacy by appropriation of another's name or likeness, (3) fraud, and (4) violation of the FDCPA. [#27]  Defendants have moved to dismiss all claims with prejudice. [#28]  The Court addresses each claim below.

### A. Breach of Contract

Plaintiff's first cause of action is for breach of contract. [#27 at ¶¶ 28-34]  Under Colorado Law,[3] a plaintiff must allege the following elements to prevail on a breach of contract claim: (1) existence of a contract; (2) performance by the plaintiff; (3) failure to perform by the defendant; and (4) damages. *Shell v. Am. Family Rights Ass'n*, 899 F. Supp. 2d 1035, 1058 (D. Colo. 2012) (citing *Western Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)). With respect to the first element, the plaintiff "must show that

---

[3] The parties apparently agree that Colorado law applies to the breach of contract claim. [*See* #28 at 2-3; #32 at 3-5]

the contract was properly formed," with "mutual assent to an exchange between competent parties—where an offer is made and accepted—regarding a subject matter which is certain, and for which there is legal consideration." *Galvin v. McCarthy*, Civil Action No. 07-cv-00885-PAB-BNB, 2009 WL 890717, at *6 (D. Colo. Mar. 31, 2009) (citing *Indus. Prods. Int'l, Inc. v. Emo Trans, Inc.*, 962 P.2d 983, 988 (Colo. App. 1997)). Here, Defendants argue that they never accepted the offer and, as a result, no contract was formed. [#28 at 2-3]

The Complaint does not allege that Defendants responded to Plaintiff's contract offer, but rather that Defendants "remained silent." [#27 at ¶ 25] Under Colorado law, "silence or inaction will not be deemed acceptance of an offer unless the relationship between the parties justifies such an inference." *Extreme Constr. Co. v. RCG Glenwood, LLC*, 310 P.3d 246, 254 (Colo. App. 2012); *see also Haberl v. Bigelow*, 855 P.2d 1368, 1374 (Colo. 1993) ("Typically, silence or inaction will be deemed acceptance of an offer only when the relationship between the parties is such that an offeror is justified in expecting a reply or the offeree is under a duty to respond."). Here, Plaintiff has not alleged any relationship between the parties that would lead the Court to conclude that Defendants' silence justified a conclusion that they had accepted the offer.

In his Response, Plaintiff points to Paragraphs 24-26 of his Amended Complaint. [#32 at 3] But those Paragraphs merely highlight the fact that Defendants received the Validation Request, Pronouncement of Rights, and Purchase and Sales Agreement, and nonetheless continued their collection efforts. [#27 at ¶¶ 24-26] Nothing in those facts demonstrates the type of relationship between Plaintiff and Defendants that could justify an inference that silence constitutes acceptance.

Plaintiff likewise argues that Defendants have failed to prove that they rejected Plaintiff's offer. [#32 at 5] But this is besides the point. Plaintiff has failed to plausibly plead that Defendants accepted Plaintiff's offer, a prerequisite to a breach of contract claim. *Galvin*, 2009 WL 890717, at *6. Accordingly, because Plaintiff has failed to allege the existence of a valid contract, the Court GRANTS Defendants' Motion to the extent it seeks dismissal of Claim One. Because Plaintiff has failed to cure previous deficiencies with this Claim, Claim One is DISMISSED WITH PREJUDICE.

**B. Invasion of Privacy by Appropriation of Another's Name or Likeness**

Plaintiff's second cause of action alleges the tort of invasion of privacy by appropriation of another's name or likeness. [#27 at ¶¶ 34-42] Colorado recognizes such a tort. *Joe Dickerson & Assocs., LLC v. Dittmar*, 34 P.3d 995, 997 (Colo. 2001). "The elements of this tort are: (1) the defendant used the plaintiff's name or likeness; (2) the use of the plaintiff's name or likeness was for the defendant's own purposes or benefit, commercially or otherwise; (3) the plaintiff suffered damages; and (4) the defendant caused the damages incurred." *Id.*

This Court previously dismissed Plaintiff's invasion of privacy claim for failing to adequately allege that Plaintiff suffered damages. [#26 at 8] The Amended Complaint does not fix this problem. Instead, the Amended Complaint merely asserts in conclusory fashion that Plaintiff "suffered a profit and gains loss of $16,815,000." [#27 at 7] The Amended Complaint does not plead any facts that would support such a damage assertion from Defendants' alleged use of Plaintiff's name or likeness. Accordingly, as before, the Court finds that Plaintiff has failed to plausibly plead the third or fourth element of his tort of invasion of privacy by appropriation claim. As a result, Defendants' Motion

is GRANTED to the extent it seeks dismissal of Plaintiff's Second Claim.  Because Plaintiff has failed to cure previous deficiencies with this Claim, Claim Two is DISMISSED WITH PREJUDICE.

### C. Fraud

Plaintiff's third cause of action alleges fraud.  [#27 at ¶¶ 43-45]  To state a claim for common law fraud, Plaintiff must allege that: (1) Defendants made a materially false representation, (2) that they knew was false at the time of the representation, (3) but Plaintiff did not, (4) with the intent that Plaintiff would rely on it, and (5) Plaintiff justifiably relied on the representation to his detriment.  *Perkins v. Johnson*, 551 F. Supp. 2d 1246, 1256 (D. Colo. 2008).  Defendants argue that Plaintiff has failed to allege detrimental reliance.[4]  [#28 at 5]  The Court agrees.

Here, even assuming Defendants falsely represented to Plaintiff that Plaintiff owed the debt at issue, Plaintiff has not alleged any facts demonstrating that he relied upon that misrepresentation.  Indeed, quite the contrary.  The Amended Complaint alleges that Plaintiff immediately suspected that the debt was invalid, and he promptly challenged the debt.  [#27 at ¶¶ 19-20]  The Amended Complaint never alleges that Plaintiff relied upon the alleged misrepresentation.  Accordingly, Plaintiff has failed to plausibly plead a fraud claim and the Defendant's Motion is GRANTED to the extent it seeks to dismiss Claim Three.  Because the lack of reliance cannot be cured through amendment, Claim Three is DISMISSED WITH PREJUDICE.

---

[4] Plaintiff failed to respond to this argument.  [*See generally* #32]

**D. FDCPA**

Plaintiff's final claim alleges that Defendants violated the FDCPA. [#27 at ¶¶ 46-49]  In relevant part, 15 U.S.C. § 1692g provides as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
>     (1)    the amount of the debt;
>
>     (2)    the name of the creditor to whom the debt is owed;
>
>     (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>     (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>     (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

The Amended Complaint alleges that Defendants violated subsections four and five by failing to provide Plaintiff with the address of the original creditor and evidence of the debt obligation after Plaintiff sent Defendants the Validation Request. [#27 at ¶¶ 46-49]  Defendants argue that Plaintiff's FDCPA claim is time-barred and, in any event, Plaintiff has failed to plausibly plead an FDCPA claim. [#28 at 6]  The Court agrees that Plaintiff has failed to state an FDCPA claim.

Defendants first argue that Plaintiff has failed to plausibly plead that Defendants are debt collectors, that Defendants' actions were connected to collecting a debt as defined by the FDCPA, or that Plaintiff had a debt as defined in the FDCPA. [#28 at 6] The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "The FDCPA establishes two alternative predicates for debt collector status: 1) engaging in debt collection as the principal purpose of the entity's business; or 2) engaging in debt collection regularly." *James v. Wadas*, 724 F.3d 1312, 1316 (10th Cir. 2013) (quotations omitted). Here, the Amended Complaint fails to allege any facts that could support either alternative predicate for Defendants Steven Sands, David Sands, or Donna Ramsdell. As a result, the Motion is GRANTED as to these Defendants.

With respect to Defendant CCS, however, Plaintiff has attached to the Amended Complaint the Demand Letter. [#27-7] In the Demand Letter, CCS acknowledges that it is a "debt collector" attempting to collect a "debt." [*Id.*] The Court finds this statement by CCS in its own letter sufficient to plausibly allege that CCS is a debt collector attempting to collect a debt as defined by the FDCPA. Accordingly, the Court finds that Plaintiff has plausibly alleged that CCS is a debt collector, that Defendants' actions were connected to collecting a debt as defined by the FDCPA, and that Plaintiff had a debt as defined in the FDCPA.

In their supplemental brief, Defendants argue that Plaintiff has failed to plausibly plead that he timely sent the debt validation letter. [#40 at 3] The Court agrees. Plaintiff

10

relies upon 15 U.S.C. § 1692g(a)(4-5), but both of these subsections require consumers to request verification within thirty days. 15 U.S.C. § 1692g(a)(4-5); *see also Smith v. Argent Mortg. Co.*, 331 F. App'x 549, 558 (10th Cir. 2000) ("A debt collector's duty to verify a debt arises only if the consumer disputes the debt in writing within [a] thirty-day period." (quotation omitted)). Here, Plaintiff received the Demand Letter on November 23, 2017. [#27 at ¶ 18] Plaintiff sent the Validation Request on April 24, 2018. [#27-3] As a result, Plaintiff's request for verification was untimely, and Defendant was not required to validate the debt. Accordingly, the Motion is GRANTED to the extent it seeks dismissal of the FDCPA claim against CCS. Nonetheless, because this is the first time the Court has dismissed Plaintiff's FDCPA claim, and because it does so (at least with respect to CCS) based upon an argument raised in a supplemental brief, the FDCPA claim is DISMISSED WITHOUT PREJUDICE.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [#28] is **GRANTED IN PART and DENIED IN PART.** The Motion is **GRANTED** to the extent it seeks dismissal of Claims One, Two, and Three and those claims are **DISMISSED WITH PREJUDICE**. The Motion is further **GRANTED** to the extent it seeks dismissal of Claim Four but is denied to the extent it seeks dismissal with prejudice and Claim Four is **DISMISSED WITHOUT PREJUDICE**. Should Plaintiff seek leave to file a Second Amended Complaint, he must do so by June 10, 2020. Any such Second Amended Complaint shall be limited to an FDCPA claim and must specifically delineate what each individual Defendant is alleged to have done. If Plaintiff does not file a Second Amended Complaint by June 10, 2020, then the FDCPA claim will be dismissed with prejudice.

DATED: May 19, 2020                                  BY THE COURT:

<span style="margin-left: 50%;">s/Scott T. Varholak_____<br>United States Magistrate Judge</span>